UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JOSHUA OBRYAN THACKER                                                                    PLAINTIFF

v.                                                                   CIVIL ACTION NO. 4:20-CV-P14-JHM

KSP OFFICER BRIAN GRAVES                                                                DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Joshua Obryan Thacker's *pro se* complaint (DN 1) pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff, a pretrial detainee incarcerated at the Hopkins County Jail, brings suit under 42 U.S.C. § 1983.  His complaint alleges events occurring prior to his incarceration involving Defendant Kentucky State Police (KSP) Officer Brian Graves, Badge #1082, KSP Post Assignment 2.  He sues Defendant Graves in his official capacity only.

In the Statement of Claims section of the complaint form, Plaintiff alleges as follows:

[O]n 11-10-2019 I was being placed under arrest by [Defendant] Graves . . . threw out the whole arrest I felt in fear of my life[. Defendant Graves] called me multiple names 'cock sucker, Fagget and punk and up on Officer Greens arrivail I surrendered to Officer green who indeed had a body cam on after my surrender I was on the ground being cuffed at this time [Defendant] graves repeatedly called me [the names above] do to my Bixseual Sexualality.  I felt I was being hated and decriminated.  Officer green repeated twice to the KSP [Defendant] Graves . . . to maintain and he was on camra . . . Between 10:24 am and 12:30 pm I am stateing my constitutional rights By Decrimination was violated and a Hate crime was commited due to my biosexualality.

Plaintiff additionally alleges:

> After I surrendered and was on the ground [Defendant] Graves still continued to use his knee to apply pressure to my back and also said [] punk and cocksucking faggot your going to prison and will never see the light of day again. I was in alot of fear when place under arrest. . . . I do believe I was persued by my looks and the way I address myself upon arrest which lead to a hate crime by [Defendant] Graves.

As relief, Plaintiff seeks "mental physical and emotional damages," punitive damages, suppression of evidence, and release.

## II.

Because Plaintiff is a prisoner seeking relief against a governmental Defendant, this Court must review the instant action under 28 U.S.C. § 1915A and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Plaintiff sues Defendant Graves in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because Defendant Graves is an employee of the Commonwealth of Kentucky, the claims brought against him in his official capacity are deemed to be claims against the Commonwealth. *See Kentucky v. Graham*, 473 U.S. at 166.

A state official sued in his official capacity for damages is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff fails to state a claim for damages against Defendant Graves in his official capacity. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant Graves in his official capacity. *Kentucky v. Graham*, 473 U.S. at 169; *Carter v. Porter*, 617 F. Supp. 2d 514, 517 (E.D. Ky. 2008) (applying Eleventh Amendment immunity to Kentucky State Police commanders and troopers sued in their official capacities).

Plaintiff also seeks release. However, this relief is not available in a § 1983 action cit. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[1] Additionally, as to his request for suppression of evidence, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff reports that he is a pretrial detainee. The Commonwealth of Kentucky has an important state interest in adjudicating criminal proceedings. Plaintiff has failed to articulate any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is convicted in the trial court, he still has a number of state-court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court as well as state post-conviction motions. In light of the avenues available to Plaintiff in which to

---

[1] Pretrial detainees, in certain circumstances, may seek habeas relief under 28 U.S.C. § 2241(c) following exhaustion of available state remedies. *See Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 488, 493 (1973) (finding that petitioner properly brought a § 2241 petition "to raise his speedy trial claim" for an order directing respondent to afford him an immediate trial).

raise his constitutional challenges, this Court will not interfere with his on-going state-court criminal proceeding.

Additionally, Plaintiff cannot bring a "hate crime" against Defendant Graves because "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Further, as to Plaintiff's claim that he felt discriminated against and in fear during the arrest by Defendant Graves, verbal abuse by state officials, like police officials, is not condoned, but by itself does not violate the Constitution. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). And Plaintiff does not allege excessive force, but even if he had, his allegation of "knee pressure" is *de minimis*. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.") (internal citation and quotation marks omitted); *Hanson v. Madison Cty. Det. Ctr.*, 736 F. App'x 521, 530 (6th Cir. 2018) ("'There is, of course, a *de minimis* level of [force] with which the Constitution is not concerned.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979) (citation omitted)); *Nolan v. Isbell*, 207 F.3d 1253 (11th Cir. 2000) ("[T]he application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment."). Plaintiff, therefore, fails to state a claim of constitutional dimension.

### IV.

For the foregoing reasons, the action will be dismissed by separate Order.

Date: July 17, 2020

                                                Joseph H. McKinley Jr., Senior Judge
                                                  United States District Court

cc:    Plaintiff, *pro se*
        Defendant
4414.005